IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CARLOS VAZQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Civil Action No.   19-247 |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**OPINION**

  Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 9).

**I.   BACKGROUND**

  Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on July 23, 2018.   (ECF No. 5-3).   On October 25, 2018, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act.   (ECF No. 5-2, pp. 13-24).

  After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).   The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Plaintiff's Residual Functional Capacity (RFC)[1]

In this case, the ALJ determined Plaintiff has the RFC to perform sedentary work with very specific mental and physical limitations.  (ECF No. 5-2, p. 18).  Plaintiff argues that the ALJ's RFC determination was made without medical and mental functional assessments of Plaintiff's functional abilities and limitations such that it is unclear how he reached his RFC conclusions thereby resulting in an unsupported RFC finding and frustrating meaningful review.   (ECF No. 8, pp. 12-17).  Additionally, Plaintiff argues that the ALJ erred in failing to develop the record by ordering a consultative examination.  (ECF No. 8, pp. 17-19).  Therefore, Plaintiff argues that

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.   20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

the ALJ's decision is not supported by substantial evidence and remand is appropriate.  *Id.*  After a review of the record, I agree.

In this case, the ALJ gave little weight to the opinion of Plaitniff's treating doctor, Jeffrey Nechleba, M.D.   (ECF No. 5-2, p. 21).   Additionally, the ALJ gave no weight to the report of the State Agency doctor, Dr. Schnepp, because he thought there was insufficient evidence.  *Id.*   The ALJ also gave little weight to the GAF[2] scores.  *Id.*   Finally, the ALJ gave "some weight" to the medical source statement of Dr. Pelkowski but only as it relates to mental abilities.  *Id.*   In other words, there is no other opinion evidence of record regarding Plaintiff's physical functional abilities (and very limited on mental functional abilities) upon which the ALJ could have relied upon in forming the very specific RFC for Plaintiff.  *Id.*   "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant."   *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).   While this is not a requirement, the ALJ must support his/her determination with substantial evidence.

Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted).   Additionally, I note that the ALJ

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.   American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).   GAF scores do not have a direct correlation to the disability requirements and standards of the Act.   *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool.  *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.*   Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

found Plaintiff's testimony was not entirely consistent with the evidence in the record. (ECF No. 5-2, p. 19). Consequently, after a review of the record, I am unable to discern the ALJ's basis for his very specific RFC determination containing numerous mental and physical limitations. I find there is ambiguity in the record as to how the ALJ arrived at Plaintiff's functional limitations in his RFC determination. As a result, I am unable to make a proper meaningful review. Therefore, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.

Upon remand, the ALJ may consider securing an opinion from a consultative examiner. The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CARLOS VAZQUEZ,  )<br>   )<br>            Plaintiff,   )<br>   )<br>  -vs-   )<br>   )<br>ANDREW M. SAUL,   )<br>COMMISSIONER OF SOCIAL SECURITY,   )<br>   )<br>            Defendant.   ) | Civil Action No.  19-247 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 27th day of January, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is granted and Defendant's Motion for Summary Judgment (ECF No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge